Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>     v.<br><br>JONATHAN JOSE ESPINOZA,<br><br>                  Defendant. | No. CR09-282RAJ<br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE |

## I.  INTRODUCTION

This matter comes before the court on Defendant Jonathan Jose Espinoza's *pro se* motion requesting a reduction in his sentence under 18 U.S.C. § 3582(c)(2), based on Amendments 782 and 788 to the United States Sentencing Guidelines ("USSG") (Dkt. #279).  Plaintiff United States of America opposes the motion (Dkt. #291).  The court has thoroughly considered the parties' briefing, the relevant record, and the applicable law.  Being fully advised,[1] the court DENIES Mr. Espinoza's motion for the reasons stated below.

## II.  BACKGROUND

Defendant Jonathan Jose Espinoza was sentenced by this court on August 6, 2010, following his conviction by a jury for conspiracy to distribute cocaine.

---

[1] No party has requested it, and the court finds oral argument to be unnecessary.

At the time of sentencing the court calculated Defendant's Total Offense Level as 31. Because Defendant had a Criminal History Category I, the resulting Guidelines range was 108 to 135 months. Based on various 18 U.S.C. § 3553(a) factors, the court varied below this range and imposed a sentence of 87 months' imprisonment.

## III.  DISCUSSION

### A.  Legal Standard

Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity Table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether this Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the Defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the Defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

### B.  Defendant's Motion

Under the retroactively effective amendments to USSG § 2D1.1, Defendant's Total Offense Level would now be reduced by two levels to Level 29. This in turn results in an amended Guideline range of 87 to 108 months. Because the sentence already imposed (87 months) is already at the low end of the range as calculated

applying the amended Guidelines (87 months), the Sentencing Commission's Policy Statement, USSG § 1B1.10, precludes any reduction in sentence. *Dillon v. United States*, 560 U.S. 817, 826 (2010).[2]  As such, this court lacks jurisdiction to reduce Defendant's sentence.

## IV.  CONCLUSION

For the above reasons, Defendant Jonathan Jose Espinoza's *pro se* Motion to Reduce Sentence (Dkt. #279) is DENIED.

DATED this 8th day of June, 2015.

_____
The Honorable Richard A. Jones
United States District Judge

---

[2]  There is nothing in the Presentence Report or the Statement of Reasons to suggest the "substantial assistance" exception to this limitation applies to Defendant.  *See* § 1B1.10(b)(2)(B).